UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | | |
|---|---|---|
| CHARLES H. DARBY, III, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:18-CV-7 CDP |
| | ) | |
| KAREN L. WITTY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on pro se plaintiff's preservice (1) motion for extension of time to obtain records; (2) motion to appoint counsel; (3) second motion for leave to proceed in forma pauperis; and (4) motion for leave to amend the complaint, which properly attaches the proposed amended complaint. For the following reasons, the Court will grant plaintiff's motion for an extension of time to obtain records; deny without prejudice his motion to appoint counsel; deny as moot his second motion for leave to proceed in forma pauperis; and deny without prejudice his motion to amend the complaint.

## Background

Plaintiff brought this case under 42 U.S.C. § 1983 for violation of his Eighth Amendment rights to be free from cruel and unusual punishment. He alleged that he has suffered several serious medical needs—dental care, fingernail and toenail care, and acid reflux—that defendants were deliberately disregarding. He named fifteen defendants, mainly medical and dental personnel at Moberly Correctional Center and Jefferson City Correctional Center.

On July 6, 2018, the Court conducted an initial review of plaintiff's complaint, and found that the majority of plaintiff's claims, especially those regarding dental care, were time barred. The Court also found that plaintiff's claims regarding his fingernail and toenail care and the treatment of his acid reflux were insufficient to state a plausible claim for deliberate indifference to a serious medical need.

The Court directed plaintiff to file an amended complaint, alleging only those constitutional violations that fell within the five-year statute of limitations—those that occurred from January 24, 2013 to the present. The Court stated as follows:

> Because plaintiff's claims regarding denial of dental care on February 10 and February 14, 2013 are serious in nature, the Court will allow plaintiff to file an amended complaint to allege which defendants, by name, denied him dental care and treatment on these dates. The remainder of plaintiff's claims regarding Eighth Amendment violations for failure to treat dental issues, which occurred prior to January 24, 2013, will be dismissed as time barred.

(Mem. & Order, Jul. 6, 2018.)

In response, plaintiff filed (1) a motion for an extension of time to obtain documents regarding his dental treatment; and (2) a document titled "Motion for Amended Complaint," comprising thirty-six pages of documents, including the proposed amended complaint. The Court will construe the "Motion for Amended Complaint" as a motion for leave to file an amended complaint.

## Discussion

**A.     Motion for Extension of Time to Obtain Documents**

In its memorandum and order dated July 6, 2018, the Court asked plaintiff to file an amended complaint to allege which defendants, by name, denied him dental care and treatment on February 10 and February 14, 2013. The Court found these were the only

-2-

Case 2:18-cv-04248-BCW    Document 12    Filed 10/15/18    Page 2 of 7

allegations that were not barred by the statute of limitations of subject to dismissal under 28 U.S.C. § 1915(e). Plaintiff responds that he sought documents from the "medical and dental departments," which both claim they have nothing on file between December 2012 and February 2014. Plaintiff states these files have been "lost, deleted and/or been destroyed." Plaintiff inspected "hard files and looked on the computers and for the years 2013 there were no HSR's, denial of 5 or more dental emergency self declares, denials, or records for the entire year of 2013." He seeks an extension of time, presumably to gather more information regarding which defendants failed to respond to his dental emergencies on February 10 and February 14, 2013.

The Court will grant plaintiff's motion, and allow him an additional thirty (30) days from the date of this memorandum and order to seek information regarding his allegations of dental emergencies on February 10 and February 14, 2013.

### B. Motion for Leave to File an Amended Complaint

Although leave to amend a complaint is to be freely granted under Federal Rule of Civil Procedure 15(a), the Court has discretion whether to grant leave to amend. *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 330-32 (1971). Factors to consider in determining whether leave to amend should be granted include (1) whether the motion was filed in bad faith with dilatory motive; (2) whether the motion was filed with undue delay; (3) whether leave to amend would be unduly prejudicial to the opposing parties; and (4) whether the proposed amendment would be futile. *See Bell v. Allstate Life Ins. Co.*, 160 F.3d 452, 454 (8th Cir. 1998) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

It is appropriate to deny leave to amend where the filing of the amended complaint would be futile. *Humphreys v. Roche Biomedical Labs., Inc.*, 990 F.2d 1078, 1082 (8th Cir.

1993); *Harbor Ins. Co. v. Essman*, 918 F.2d 734, 739 (8th Cir. 1990). It is well-settled law that district courts have the power to deny leave to amend if the proposed changes would not remedy the deficiencies of the original complaint. *Weimer v. Amen*, 870 F.2d 1400, 1407 (8th Cir. 1989).

In plaintiff's Motion for Amended Complaint he opposes the Court's memorandum and order dated July 6, 2018.[1] He restates and emphasizes the tremendous pain he suffered from his dental treatments beginning in 2008, and the lack of care and treatment exhibited toward him when he complained of his ingrown fingernails and toenails beginning in 2009. He states that if the Court does not allow his time-barred claims to proceed, the Court is essentially saying to plaintiff that "all the years before and after 2013 does not matter, therefore as Dr. Paniagua said to plaintiff that, 'You (Plaintiff) are in prison to suffer in pain for your (Plaintiff's) crimes.'"

The Court will not revisit its memorandum and order dated July 6, 2018, except to reiterate that statutes of limitations "promote justice by preventing surprises through [plaintiff's] revival of claims that have been allowed to slumber until evidence has been lost, memories have faded, and witnesses have disappeared." *CTS Corp. v. Waldburger*, 134 S. Ct. 2175, 2183 (2014) (quoting *R.R. Telegraphers v. Ry. Express Agency, Inc.*, 321 U.S. 342, 348-49) (1944)). Though the Court sympathizes with plaintiff and in no way intends to minimize his pain and suffering, it has a duty to enforce the five-year statute of limitations.

---

[1] Based on plaintiff's pagination of his "Motion for Amended Complaint," plaintiff considered the document to be a single document, thirty-six pages in length, that included a proposed amended complaint and index. To eliminate confusion in the record, the Court has separated the document into four parts for filing: the motion for leave to amend, the proposed amended complaint, the index, and the transmittal letter. *See* ECF No. 9.

Attached to plaintiff's motion for leave to file an amended complaint is the proposed amended complaint, written largely on this court's form. Plaintiff's amended complaint does not allege any additional details regarding plaintiff's denial of dental emergencies on February 10, and February 14, 2013, as required by the memorandum and order dated July 6, 2018. Again, these allegations regarding pulling out his own teeth, along with their roots and bones, after being refused dental treatment likely states a plausible claim of an Eighth Amendment violation, but plaintiff has not alleged which individuals denied him dental treatment on these dates. Therefore, the Court cannot order process to issue upon any specific defendant.

Because plaintiff's claims regarding his dental care on February 10 and February 14, 2013 are serious in nature, the Court will allow plaintiff forty-five (45) days to file an amended complaint to allege which defendants, by name, denied him dental care and treatment on these dates. This time frame will allow plaintiff to seek additional information regarding his treatment providers on these dates, and file his amended complaint accordingly. *See supra* Part A. Plaintiff shall file his amended complaint only with regard to these claims and identify by name which individual defendants denied him treatment on these two dates. Plaintiff shall not attempt to argue his time-barred claims, as these have been dismissed.

### C. Motion to Appoint Counsel

Finally, plaintiff has filed a motion for appointment of counsel, which the Court will deny at this time. There is no constitutional or statutory right to appointed counsel in civil cases. *Nelson v. Redfield Lithograph Printing*, 728 F.2d 1003, 1004 (8th Cir. 1984). In determining whether to appoint counsel, the Court considers several factors, including (1) whether the plaintiff has presented non-frivolous allegations supporting his or her prayer for

relief; (2) whether the plaintiff will substantially benefit from the appointment of counsel; (3) whether there is a need to further investigate and present the facts related to the plaintiff's allegations; and (4) whether the factual and legal issues presented by the action are complex. *See Johnson v. Williams*, 788 F.2d 1319, 1322-23 (8th Cir. 1986); *Nelson*, 728 F.2d at 1005.

Plaintiff has presented non-frivolous allegations in his complaint. However, he has demonstrated, at this point, that he can adequately present his claims to the Court. Additionally, neither the factual nor the legal issues in this case are complex. The Court will entertain future motions for appointment of counsel as the case progresses.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for an extension of time to obtain records is **GRANTED**. [ECF No. 6] Plaintiff shall have thirty (30) days from the date of this memorandum and order to seek additional information regarding the names of any individuals that refused to provide care and treatment to plaintiff on February 10 and February 14, 2013.

**IT IS FURTHER ORDERED** that plaintiff's motion for leave to amend his complaint is **DENIED without prejudice**. [ECF No. 9]

**IT IS FURTHER ORDERED** the Clerk of Court is directed to send plaintiff another form Prisoner Civil Rights Complaint Under 42 U.S.C. § 1983.

**IT IS FURTHER ORDERED** that within forty-five (45) days of the date of this memorandum and order, plaintiff shall file an amended prisoner civil rights complaint under 42 U.S.C. § 1983 arising out of the denial of dental care and treatment on February 10 and February 14, 2013, and identify specifically which individual defendants denied him care and treatment on these dates.

**IT IS FURTHER ORDERED** that plaintiff's motion to appoint counsel is **DENIED without prejudice**. [ECF No. 7]

**IT IS FURTHER ORDERED** that plaintiff's second motion to proceed in forma pauperis is **DENIED as moot** as the Court has previously granted plaintiff in forma pauperis status in this action. [ECF No. 8]

**IT IS FURTHER ORDERED** that if plaintiff fails to timely comply with this Memorandum and Order, the Court will dismiss his complaint without prejudice.

Dated this 15th day of October, 2018.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE