# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# NORTHERN DIVISION

| | |
|---|---|
| CHARLES H. DARBY, III, | ) |
| Plaintiff, | ) |
| v. | ) No. 2:18-CV-0007-CDP |
| KAREY L. WITTY, et al., | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER OF TRANSFER

This matter is before the Court on review of pro se plaintiff Charles H. Darby, III's amended complaint. For the following reasons, this case will be transferred to the United States District Court for the Western District of Missouri.

Plaintiff is incarcerated at the Moberly Correctional Center ("MCC") in Moberly, Missouri, which is located in this judicial district. Plaintiff brought this 42 U.S.C. § 1983 action against multiple medical and dental care providers and prison officials at MCC and at Potosi Correctional Center ("PCC"), which is also located in this judicial district. On initial review of plaintiff's complaint under 28 U.S.C. § 1915, and again on initial review of plaintiff's proposed amended complaint, the Court stated that the only plausible claims brought by plaintiff arise out of the denial of dental care on February 10 and February 14, 2013. *See* ECF Nos. 5 and 12. Twice, the Court asked plaintiff to amend his complaint to allege which defendants denied him dental treatment on these dates. *See id.*

On November 13, 2018, plaintiff filed an amended complaint that alleges more details regarding the denial of dental care on February 10 and 14, 2013. He states that these incidents occurred at Jefferson City Correctional Center ("JCCC"). He states he was "[d]enied

emergency self declares and dental treatment for damage to permanent teeth by dentist employed by Corizon Medical and the Missouri Department of Corrections. . . . February 10 and February 14, 2013 [incidents] at Jefferson City Correctional Center."

> After several denials, and in severe pain plaintiff pulled teeth with shoestring tied around teeth and pulled out by hand, they were that loose. Tooth #5 had 2 roots growing into face bone plus center big root, and it was connected to a ½" piece of bone that can be seen with an old crack around it, that had been broke[n] years before . . . . There were several dentists from Jefferson City Correctional Center from 2013 on that denied dental self declares, and dental treatment for loose, damaged teeth.

Prior to this allegation in the amended complaint, it had appeared that plaintiff's claims arose out of activities occurring at PCC or MCC, which are in this district. With his amended complaint, plaintiff has clarified that his claims for deliberate indifference to a serious medical need occurred during his incarceration in JCCC, which is located in Jefferson City, Missouri in the Western District of Missouri. *See* 28 U.S.C. § 105(b)(4).

Under 28 U.S.C. § 1391(b), an action of this type may be brought only in: "(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action."

Because the events or omissions giving rise to plaintiff's claims occurred in the Western District of Missouri, venue is proper there. Under 28 U.S.C. § 1406(a), "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have

-2-

Case 2:18-cv-04248-BCW    Document 18    Filed 11/15/18    Page 2 of 3

emergency self declares and dental treatment for damage to permanent teeth by dentist employed by Corizon Medical and the Missouri Department of Corrections. . . . February 10 and February 14, 2013 [incidents] at Jefferson City Correctional Center."

> After several denials, and in severe pain plaintiff pulled teeth with shoestring tied around teeth and pulled out by hand, they were that loose. Tooth #5 had 2 roots growing into face bone plus center big root, and it was connected to a ½" piece of bone that can be seen with an old crack around it, that had been broke[n] years before . . . . There were several dentists from Jefferson City Correctional Center from 2013 on that denied dental self declares, and dental treatment for loose, damaged teeth.

Prior to this allegation in the amended complaint, it had appeared that plaintiff's claims arose out of activities occurring at PCC or MCC, which are in this district. With his amended complaint, plaintiff has clarified that his claims for deliberate indifference to a serious medical need occurred during his incarceration in JCCC, which is located in Jefferson City, Missouri in the Western District of Missouri. *See* 28 U.S.C. § 105(b)(4).

Under 28 U.S.C. § 1391(b), an action of this type may be brought only in: "(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action."

Because the events or omissions giving rise to plaintiff's claims occurred in the Western District of Missouri, venue is proper there. Under 28 U.S.C. § 1406(a), "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have

been brought." Here, the Court concludes that it is in the interest of justice to transfer this case to the United States District Court for the Western District of Missouri. In addition, in light of all of the circumstances, the Court believes it best if the transferee district address plaintiff's pending motions, including his motion for appointment of counsel.

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk of Court shall **TRANSFER** this case to the United States District Court for the Western District of Missouri. *See* 28 U.S.C. § 1406(a).

Dated this 15th day of November, 2018.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE